COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Frank and Petty
Argued at Richmond, Virginia


MANSOUR SALAHMAND, S/K/A
  MANSOUR SALAHMOND

                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 1745-08-4               JUDGE WILLIAM G. PETTY
                                                         JULY 21, 2009

COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                          James H. Chamblin, Judge

              Lorie E. O'Donnell, Public Defender, for appellant.

              Benjamin H. Katz, Assistant Attorney General (Robert F. McDonnell,
              Attorney General, on brief), for appellee.


       On August 17, 2007, Mansour Salahmand was convicted of the malicious wounding of

his wife in violation of Code § 18.2-51.  On appeal, Salahmand argues that the trial court erred

by considering, as substantive evidence, a copy of the warrant and criminal complaint containing

hearsay statements made by his wife.  He argued that the documents, which he asked to be

admitted into evidence, violated his Sixth Amendment right of confrontation.  In addition,

Salahmand argues that the evidence was insufficient to prove malicious wounding beyond a

reasonable doubt.  For the following reasons, we disagree and affirm his conviction.

                                    I.  BACKGROUND

       Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

_____
       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On appeal, we view those facts and incidents in the "light most favorable" to the prevailing party below, the Commonwealth, Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003), and we grant to that party all fair inferences flowing therefrom. Coleman v. Commonwealth, 52 Va. App. 19, 21, 660 S.E.2d 687, 688 (2008).

On October 26, 2006, Deputy Terry Daniel, Loudoun County Sheriff's Department, went to the home of Salahmand and his wife, Azar Baradar Salahmand, in response to a 911 call. When he arrived at Salahmand's home, the garage door was open. He entered and saw Azar Baradar pacing back and forth while holding her left side. Deputy Daniel noticed that she appeared to have a bloodstain on her blouse. Daniel testified that while he was in the garage talking to the victim, Salahmand "poked his head into the garage, stood there for approximately two minutes and then turned around and went right back inside the house."

Initially, Azar Baradar told Deputy Daniel that she was unhappy with her life and that she had stabbed herself. However, Deputy Daniel saw a "significant amount of blood spatter on the floor and on the counter." The deputy also saw a watch with a broken band on the counter and broken necklace lying "in a puddle of blood" on the floor of the kitchen. In addition, a phone handset was on the floor and the cord was pulled out of the wall.

Deputy Daniel went back into the garage to question Azar Baradar again because the scene was not consistent with her attempted suicide story. This time, she told Deputy Daniel that "her and her husband had an argument and the argument became heated and that he stabbed her with a knife." She also told Deputy Daniel that there were two knives involved and they were in a drawer in the kitchen. After searching through the drawer, Daniel recovered two knives with bloodstains on them.

Azar Baradar did not attend trial. To prove that Salahmand stabbed her, the Commonwealth attempted to introduce the statements she had made to Deputy Daniel.

Salahmand objected on the grounds that the admission of those statements violated his Sixth Amendment right to confrontation. The trial court stated that it was necessary for him to hear all of the statements and all of the evidence to determine if they were testimonial.

Immediately after Salahmand's cross-examination of Deputy Daniel and before the assistant Commonwealth's attorney's re-direct examination, Salahmand's counsel offered into evidence the warrant and the criminal complaint prepared by Deputy Daniel. The complaint contained both the initial statement by Azar Baradar that she stabbed herself, and her subsequent statement that Salahmand stabbed her. Salahmand did not request the trial court consider the evidence only for a limited purpose. The trial court then asked the assistant Commonwealth's attorney whether she had any objections, and she replied: "[a]s substantive evidence, absolutely not." The trial court admitted the warrant and the criminal complaint as Defendant's Exhibit #1, and it was received into evidence.

After the trial court heard all of evidence and arguments from counsel, it ruled that Azar Baradar's statements to Deputy Daniel were inadmissible. However, the court stated that because Salahmand admitted the warrant and criminal complaint without limitation, the court could consider the evidence contained in those documents. Therefore, viewing the warrant and the criminal complaint in conjunction with all of the other evidence at trial, the trial court found Salahmand guilty of malicious wounding.[1] Salahmand now appeals.

---

[1] Salahmand's trial counsel moved to strike the Commonwealth's evidence; however, the trial judge stated: "Mr. Ghobadi, I'm afraid that you can't make a motion to strike because you offered evidence . . . . You're relying on the insufficiency of the Commonwealth's evidence when you make a motion to strike. If you've offered your own evidence then you're not relying upon that anymore." Obviously, defense counsel can make a motion to strike regardless of what he does during cross-examination of the prosecution's witnesses. After the defendant has moved to strike, and offers evidence on his own behalf, he cannot rely on that original motion to strike. Spangler v. Commonwealth, 188 Va. 436, 438, 50 S.E.2d 265, 266 (1948). Indeed, offering evidence after the first motion to strike constitutes a waiver of that original motion to strike. Id. Rather, after the defendant puts on evidence, he must make a renewed motion to strike in order to preserve the issue of sufficiency of the evidence. Id.

## II. ANALYSIS

### A. Due Process and Right to Confrontation

Salahmand contends that the trial court erred in using the criminal complaint as substantive evidence against him because it contains hearsay statements from Azar Baradar that violate his Sixth Amendment right to confrontation. In addition, Salahmand argues that his due process rights were violated because he was denied a "fair opportunity to defend against the State's accusations." We conclude that Salahmand waived these arguments by offering the warrant and criminal complaint into evidence as substantive evidence without any limitation.

The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." U.S. Const. amend. VI. In other words, the Confrontation Clause "secures the literal right to confront the witnesses at the time of trial . . . . [and] see[] the witness face to face, and subject[] him to the ordeal of cross-examination." Magruder v. Commonwealth, 275 Va. 283, 298, 657 S.E.2d 113, 120 (2008) (internal citations and quotation marks omitted). It ensures the reliability of the evidence presented because it requires the witnesses to be present and under oath, and it allows the jury to observe the "demeanor of the witness in making his statement." Id. The Confrontation Clause, as recently interpreted by the Supreme Court of the United States, prevents the admission of hearsay statements that are testimonial in nature. Crawford v. Washington, 541 U.S. 36 (2004). The admission of nontestimonial statements does not violate the Confrontation Clause. Id. "This guarantee is enforced against the states through the Fourteenth Amendment." Magruder, 275 Va. at 298, 657 S.E.2d at 120 (citing Pointer v. Texas, 380 U.S. 400, 401 (1965).

Like many other constitutional guarantees, the defendant's right to confrontation can be waived. Id. at 300, 657 S.E.2d at 120; Bilokur v. Commonwealth, 221 Va. 467, 473, 270 S.E.2d 747, 751 (1980). Nothing in our jurisprudence, however, requires that waiver to be an express

waiver; rather, the defendant's attorney could waive that right by mere acquiesance. Bilokur, 221 Va. at 472, 270 S.E.2d at 751 (stating that "an accused may waive his constitutional right of confrontation, not only by express personal consent but also by passive acquiescence in a tender by his attorney"). Indeed, "the defendant is bound by the acts of his lawyer-agent" regarding trial decisions such as "what arguments to pursue, . . . what evidentiary objections to raise, . . . and what agreements to conclude regarding the admission of evidence . . . . Absent a demonstration of ineffectiveness, counsel's word on such matters is the last." New York v. Hill, 528 U.S. 110, 114-15 (2000). Therefore, the failure to object constitutes a waiver.

A waiver can also occur "when an objection is made but counsel later takes some step inconsistent with the objection." Charles. E. Friend, The Law of Evidence in Virginia 295 (6th ed. 2003). However, before we can say that Salahmand waived his objection to the admission of his wife's out-of-court statements, "there must be some reasonable and just foundation for holding that there was in fact a waiver." Whitman v. McClelland, 137 Va. 787, 801-02, 121 S.E. 146, 150 (1923).

"Generally, when a party unsuccessfully objects to evidence that he considers improper and then introduces on his own behalf evidence of the same character, he waives his earlier objection to the admission of that evidence." Combs v. Norfolk & W. Ry. Co., 256 Va. 490, 499, 507 S.E.2d 355, 360 (1998). However, neither the "mere cross examination of the witness nor the introduction of rebuttal evidence constitutes as waiver." Friend, supra, at 296 (citing Va. Ry. & Power Co. v. Davidson's Adm'r, 119 Va. 212, 89 S.E. 229 (1916)). It is only when the appellant's use of the objectionable evidence goes beyond mere cross-examination or rebuttal, that his conduct provides a reasonable and just foundation for holding that there was a waiver. See Commonwealth v. Jenkins, 255 Va. 516, 521, 499 S.E.2d 263, 266 (1998) (stating that "[w]hen Jenkins' counsel offered the document into evidence, he did not request that the

handwritten notation be excluded from the proffered exhibit. Thus, as the proponent of the discharge summary exhibit which was received in evidence, Jenkins has waived any later objection to its consideration by the trier of fact.").

Here, Salahmand's trial attorney objected and noted his continuing objection to every instance where the Commonwealth's attorney asked and a witness attempted to testify about the out-of-court statements made by the victim that her husband stabbed her. However, during Salahmand's cross-examination of Deputy Daniel, his trial counsel offered the warrant and criminal complaint into evidence. The trial court asked the assistant Commonwealth's attorney if she had any objections and she responded: "[a]s substantive evidence, absolutely none your Honor." Salahmand's counsel remained silent. The trial court then marked the document as Defendant's Exhibit #1 and admitted it into evidence.

Salahmand argues that he intended to admit the complaint solely to impeach his wife by establishing that she had made two inconsistent statements.[2] However, Deputy Daniel, in both his direct testimony and during cross-examination, testified regarding Azar Baradar's inconsistent statements without reference to the warrant or the complaint. It was not until Salahmand's cross-examination was over, and as the assistant Commonwealth's attorney was beginning her re-direct examination, that he offered the warrant and criminal complaint into evidence without any limitation. While Salahmand argues that the trial court considered the complaint as substantive evidence contrary to his intention, Salahmand did not limit the purpose for which he admitted the criminal complaint at the time it was admitted into evidence.

---

[2] We note that "a person whose hearsay statement is admitted into evidence is subject to impeachment, though the declarant did not appear in court." Friend, supra, § 4-11(a). Further, "the credibility of the declarant may be attacked by means of any evidence that would be admissible for impeachment purposes if the declarant had testified as a witness." Id. § 4-11(e).

- 6 -

"'The defendant, having agreed upon the action taken by the trial court, should not be allowed to assume an inconsistent position.'" Manns v. Commonwealth, 13 Va. App. 677, 679, 414 S.E.2d 613, 615 (1992) (quoting Clark v. Commonwealth, 220 Va. 201, 214, 257 S.E.2d 784, 792 (1979), cert. denied, 444 U.S. 1049 (1980)).  There is no question that, in our judicial system, "[n]o litigant, even a defendant in a criminal case, will be permitted to approbate and reprobate—to invite error . . . and then to take advantage of the situation created by his own wrong." Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988) (citing Sullivan v. Commonwealth, 157 Va. 867, 878, 161 S.E. 297, 300 (1931)).  Clearly, Salahmand's use of the warrant and criminal complaint exceeds mere cross-examination and rebuttal evidence. See Jenkins, 255 Va. at 521, 499 S.E.2d at 266.  Therefore, we hold that Salahmand waived his right to challenge the admissibility of the criminal complaint as substantive evidence and the trial court did not err in admitting it into evidence.

## B.  Sufficiency of the Evidence

Salahmand argues that the evidence was insufficient to support his malicious wounding conviction.  On appeal, we will not overturn the trial court's judgment unless it is "plainly wrong or without evidence to support it." Code § 8.01-680.  "In making this assessment, we consider *all admitted evidence*, including illegally admitted evidence." Hargraves v. Commonwealth, 37 Va. App. 299, 312-13, 557 S.E.2d 737, 743 (2002) (emphasis added) (citing Lockhart v. Nelson, 488 U.S. 33, 41 (1988)).

To prove malicious wounding the Commonwealth must prove that the defendant did "maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill . . . ." Code § 18.2-51.  The evidence in this case established that Azar Baradar suffered multiple stab wounds to her abdomen, her lower back, and two of her fingers.  When Deputy Daniel arrived at the scene, Azar Baradar was in the

garage and she was visibly injured. Salahmand was present in the garage when the deputy was attempting to question her and she responded that she had injured herself. However, Deputy Daniel went inside the house into the kitchen and saw blood splatter, a phone cord ripped from the wall, a broken necklace lying on the floor in a puddle of blood, and a broken watch. After Salahmand was separated from Azar Baradar, she told the deputy that Salahmand had stabbed her and that the knives he used were in the kitchen drawer. Deputy Daniel found the knives with her blood on them in the kitchen drawer.

From this evidence, the trial court concluded that Salahmand was guilty of malicious wounding because he had stabbed Azar Baradar several times with steak knives in parts of her body that are not consistent with self-inflicted wounds; he did not offer any assistance with her injuries, medical or otherwise; and he watched her while she was talking to the police and did nothing. These circumstances, according to the trial court, are not consistent with an innocent person. The circumstances surrounding Azar Baradar's injuries, and her statement, out of Salahmand's presence, that Salahmand stabbed her, support the fact that Salahmand is guilty of malicious wounding. Accordingly, we hold that the trial court's judgment was not plainly wrong or without evidence to support it.

### III. CONCLUSION

For the foregoing reasons, we affirm Salahmand's conviction.

<u>Affirmed.</u>