# *VIRGINIA:*

*In the Court of Appeals of Virginia on* **Tuesday** *the* **28th** *day of* **December, 2010**.

Demetrius Lamar Farmer,                                                                          Appellant,

 against           Record No. 1694-08-3
                    Circuit Court Nos. CR08000257-00 through CR08000259-00
                         and CR08000301-00

Commonwealth of Virginia,                                                                        Appellee.


Upon a Rehearing

Before Judges Beales, Powell and Alston


On February 16, 2010, a panel of this Court granted appellant's petition for rehearing in this case and suspended the briefing schedule pending a decision of the Supreme Court of Virginia on the remand from the Supreme Court of the United States in <u>Magruder v. Commonwealth</u>, 275 Va. 283, 657 S.E.2d 113 (2008), <u>vacated and remanded sub nom. Briscoe v. Virginia</u>, 559 U.S. \_\_\_\_, 130 S.Ct. 1316 (2010).

On September 16, 2010, the Supreme Court of Virginia rendered its opinion in that matter, <u>Cypress v. Commonwealth</u>, Record No. 070815 (Va. Sept. 16, 2010), and on October 7, 2010, that Court's mandates were certified to this Court.

On October 8, 2010, this Court set a briefing schedule for the panel rehearing of this case.

On October 20, 2010, this Court granted the appellee's request to suspend the briefing schedule pending the Court's consideration of the Commonwealth's confession of error filed in this case on October 18, 2010.

Upon consideration of the said confession of error, and the Commonwealth's consent to reversal of that portion of the September 25, 2008 judgment of the trial court convicting the appellant of possession of cocaine (Circuit Court Record No. CR08-257), possession of a firearm while possessing drugs (Circuit Court Record No. CR08-258), and possession of marijuana, first offense (Circuit Court

Record No. CR08-301), the opinion previously rendered by this Court on January 12, 2010 is withdrawn, the mandate entered on that date is vacated, the said convictions are reversed and annulled, and the case is remanded to the trial court for further proceedings consistent with this order.

The Court previously denied the petition for appeal in this case with regard to the appellant's conviction of possession of a firearm under age twenty-nine with prior juvenile convictions (Circuit Court No. CR08-259). Accordingly, this Court's decision in that regard is undisturbed by this order and remains in effect.

This order shall be published and certified to the trial court.

A Copy,

Teste:

*original order signed by the Clerk of the*
*Court of Appeals of Virginia at the direction*
*of the Court*

Clerk

# VIRGINIA:

*In the Court of Appeals of Virginia on* **Tuesday** *the* **16ᵗʰ** *day of* **February, 2010**.

Demetrius Lamar Farmer,                                                                                        Appellant,

  against               Record No. 1694-08-3
                        Circuit Court Nos. CR08000257-00 through CR08000259-00 and
                                CR08000301-00

Commonwealth of Virginia,                                                                                      Appellee.

Upon a Petition for Rehearing

Before Judges Beales, Powell and Alston

On January 26, 2010 came Demetrius Lamar Farmer, by court-appointed counsel, and filed a petition praying that the Court set aside the judgment rendered herein on January 12, 2010, and grant a rehearing thereof.

Upon consideration whereof, the petition for rehearing is granted, the mandate entered herein on January 12, 2010 is stayed pending the decision of the Court, and the appeal is reinstated on the docket of this Court.

Upon further consideration whereof, the briefing schedule in this rehearing proceeding hereby is suspended pending a decision of the Supreme Court of Virginia on the remand from the Supreme Court of the United States in <u>Magruder v. Commonwealth</u>, 275 Va. 283, 657 S.E.2d 113 (2008), <u>vacated and remanded sub nom. Briscoe v. Virginia</u>, 559 U.S. \_\_\_\_ (January 25, 2010) (per curiam).

A Copy,

Teste:

*original order signed by the Clerk of the*
*Court of Appeals of Virginia at the direction*
*of the Court*

Clerk

COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Powell and Alston
Argued at Richmond, Virginia


DEMETRIUS LAMAR FARMER

                                                          OPINION BY
v.        Record No. 1694-08-3               JUDGE CLEO E. POWELL
                                                         JANUARY 12, 2010

COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                            David A. Melesco, Judge

            Jessica M. Bulos, Assistant Appellate Defender (Office of the
            Appellate Defender, on briefs), for appellant.

            Stephen R. McCullough, State Solicitor (William C. Mims,
            Attorney General; Virginia B. Theisen, Senior Assistant Attorney
            General, on brief), for appellee.


        Demetrius Lamar Farmer (appellant) appeals his convictions for possession of cocaine, in

violation of Code § 18.2-250; possession of a firearm while in possession of cocaine, in violation

of Code § 18.2-308.4; possession of a firearm by a person under age 29 with a prior juvenile

conviction, in violation of Code § 18.2-308.2; and misdemeanor possession of marijuana, in

violation of Code § 18.2-250.1.  On appeal, appellant contends the trial court erred in ruling the

admission of the certificate of drug analysis did not violate appellant's right of confrontation and

that Virginia's statutory provision allowing him to call the analyst did not cure the Confrontation

Clause or due process violations because the statute caused impermissible burden-shifting.  We

agree that the certificate contained testimonial hearsay but hold that appellant waived his right to

confront the preparer of the certificate.

I.  BACKGROUND

At his bench trial, appellant objected to the admission of the laboratory certificate of

analysis for the cocaine and marijuana that he was charged with possessing.  He alleged that the

admission of this certificate violated his due process and Confrontation Clause rights because he

was denied the opportunity to cross-examine the forensic analyst who performed the tests.  The

appellant neither subpoenaed the forensic analyst who prepared the laboratory certificate nor did

he request that either the Commonwealth or the trial court subpoena the analyst under Code

§ 19.2-187.1.  The trial court, relying on Magruder v. Commonwealth, 275 Va. 283, 657 S.E.2d

113 (2008), cert. granted sub nom. Briscoe v. Virginia, 129 S. Ct. 2858 (2009), overruled

appellant's objections.  At the conclusion of the trial, the court convicted appellant of all charged

offenses.

## II.  ANALYSIS

Appellant argues that Melendez-Diaz v. Massachusetts, 129 S. Ct. 2527 (2009), controls

this case and requires that his convictions be reversed and the matter remanded for a new trial.

Specifically, he asserts that, under Melendez-Diaz, laboratory certificates are testimonial and that

the provision in Code § 19.2-187.1 that requires an accused to subpoena the preparer of the

laboratory certificate impermissibly places the burden on the accused to provide evidence in

order to maintain his right to confront.[1]  The Attorney General counters that Magruder controls

and, therefore, appellant waived his right to confrontation and due process challenges by failing

to invoke the provisions of Code § 19.2-187.1.  Moreover, the Attorney General asserts that the

Supreme Court of the United States approved notice-and-demand statutes, like the Virginia

---

[1] Essentially, he asks this Court to overrule our Supreme Court's decision in Magruder, 275 Va. 283, 657 S.E.2d 113, simply because it is has been granted certiorari by the Supreme Court of the United States.  He contends that Melendez-Diaz supports the proposition that Code § 19.2-187.1 as it existed when he was convicted is unconstitutional.

statute in place at the time of appellant's trial. Appellant responds that his argument is not waived and Virginia's then-in-effect statutes placed an unconstitutional burden on him and, therefore, were not notice-and-demand statutes as contemplated by Melendez-Diaz.

It is unquestionable that the laboratory certificate of drug analysis was testimonial under Crawford v. Washington, 541 U.S. 36 (2004). Melendez-Diaz, 129 S. Ct. at 2531-32; see Grant v. Commonwealth, 54 Va. App. 714, 719-20, 682 S.E.2d 84, 87 (2009) (applying Melendez-Diaz to hold that the attestation clause on a certificate of breath analysis is testimonial in nature and that its admission in the face of a proper objection, without providing an opportunity for cross-examination of the attestor, constituted a violation of the Confrontation Clause).

That said, under the facts of this case, appellant waived any Confrontation Clause or Due Process Clause violation that may have occurred by the admission of the laboratory certificate of drug analysis. As our Supreme Court has recognized, "it is undisputed that a criminal defendant can waive the right to confrontation," and "[t]he decision in Crawford did not alter that fact." Magruder, 275 Va. at 302, 657 S.E.2d at 122-23; see Melendez-Diaz, 129 S. Ct. at 2534 n.3. "'Code § 19.2-187.1 sets out a reasonable procedure to be followed in order for a defendant to exercise his right to confront a particular limited class of scientific witnesses at trial'" and this procedure "adequately safeguards a criminal defendant's rights under the Confrontation Clause." Magruder, 275 Va. at 301, 305, 657 S.E.2d at 122, 124 (quoting Brooks v. Commonwealth, 49 Va. App. 155, 164, 638 S.E.2d 131, 136 (2006)). A "defendant's failure . . . to utilize that procedure waive[s] [the] right to be confronted with the forensic analyst[], i.e., to enjoy the elements of confrontation." Id. at 305, 657 S.E.2d at 124; see Grant, 54 Va. App. at 724, 682 S.E.2d at 89 (quoting Magruder for the proposition that "a criminal defendant [can] 'insur[e] the physical presence of the forensic analyst at trial' under Code § 19.2-187.1 'by issuing a

- 3 -

summons for their appearance at the Commonwealth's cost, *or asking the trial court or Commonwealth to do so*" (emphasis added in <u>Grant</u>)).

Here, appellant objected *at trial* to the admissibility of the laboratory certificate. He did not subpoena the forensic analyst prior to trial nor did he request that the court or Commonwealth do so. Thus, appellant waived his confrontation right by not securing the forensic analyst's presence at trial. <u>Cf.</u> <u>Grant</u>, 54 Va. App. at 724, 682 S.E.2d at 89 (where this Court held "[w]e also agree with the Commonwealth that Grant *complied* with the requirement of Code § 19.2-187.1 and *did not* waive his right to confront the person who prepared the certificate" (emphasis added)). Therefore, the trial court correctly ruled that the laboratory certificate of drug analysis was admissible.

Farmer further contends that the statutory scheme impermissibly shifted the burden of producing evidence by requiring him to call the forensic analyst in order to exercise his right to confront that witness. "This argument is not cognizable under the Confrontation Clause." <u>Magruder</u>, 275 Va. at 301, 657 S.E.2d at 122 (quoting <u>United States v. Owens</u>, 484 U.S. 554, 559 (1988), for the proposition that "the Confrontation Clause guarantees only 'an *opportunity* for effective cross-examination'"). This burden-shifting argument raises due process, not Confrontation Clause, concerns that appellant failed to properly preserve for appeal to this Court.

> Because the defendants did not avail themselves of the opportunity to require the presence of a particular forensic analyst at trial, they were never in the position of being forced, over their objection, to call a forensic analyst as a witness. In other words, no defendant said to the respective circuit court, "the forensic analyst is here to testify but the Commonwealth must first call the witness." Like the situation in <u>Brooks</u>, "the trial court never had occasion to address the proper order of proof." 49 Va. App. at 168, 638 S.E.2d at 138; <u>but see</u> <u>Belvin v. State</u>, 922 So. 2d 1046, 1054 (Fla. Dist. Ct. App. 2006) ("[S]tatutory provision, [providing defendant with the opportunity to subpoena breath test operator,] does not adequately preserve the defendant's Sixth Amendment right to confrontation" because it impermissibly shifts the burden to the defendant to produce evidence.); <u>State v. Birchfield</u>, 157 P.3d 216,

- 4 -

220 (Or. 2007) ("[I]t is clear that the transfer of legal responsibility to secure the attendance of the declarant from the state to the defendant cannot withstand constitutional scrutiny.").

Magruder, 275 Va. at 301-02, 657 S.E.2d at 122.

Here, as in Magruder, appellant failed to request the forensic analyst's presence during the trial and, thus, he was "never in the position of being forced, over [his] objection, to call a forensic analyst as a witness." Id. at 301, 657 S.E.2d at 122. Having failed to secure the analyst's presence, appellant was never in a position to demand that the Commonwealth be required to call the forensic scientist as a witness and "the trial court never had occasion to address the proper order of proof." Id. Thus, appellant failed to satisfy the contemporaneous objection requirement of Rule 5A:18.

Because we may not invoke the ends of justice exception to Rule 5A:18 *sua sponte* and appellant does not ask us to do so, we hold that appellant waived his due process objection and decline to consider this argument on appeal. Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (en banc), aff'd by unpub'd order, No. 040019 (Va. Oct. 15, 2004).

### III. CONCLUSION

For the foregoing reasons, we affirm.

Affirmed.