# Mary D. Kipps, Trustee

### v.

# Virginia Natural Gas, Inc.

Record No. 930092

February 25, 1994

Present: Carrico, C.J., Compton, Stephenson, Whiting, Lacy, and Keenan, JJ., and Harrison, Retired Justice

*Clarence T. Kipps, Jr. (James E. Jarrell, Jr.; Jarrell, Hicks & Sasser,* on briefs), for appellant.

*Joseph M. Spivey, III (Ann T. Burks; Cassandra C. Collins; Hunton & Williams,* on brief), for appellee.

PER CURIAM.

The dispositive issue in this appeal of a judgment in a condemnation proceeding is whether the trial court erred in ruling that the

landowner's expert was not qualified to testify whether the fair market value of the residue can be affected by a perceived danger associated with the use of the land.

Virginia Natural Gas, Inc. (VNG) filed a petition seeking to condemn an easement for a natural gas pipeline through property owned by Mary D. Kipps, Trustee (Kipps). At trial, Kipps sought to present evidence that the value of her remaining land was diminished because of a prospective purchaser's fear or apprehension of a perceived danger of a pipeline explosion. Upon objection by VNG, Kipps proffered the testimony of her expert real estate appraiser.

Although the trial court ruled that the appraiser was qualified as an expert in real estate evaluation, the court concluded that the appraiser did not possess the expertise to testify about any perceived danger of explosion and its effect on the value of the residue. The trial court explained its ruling as follows:

> The witness did not possess the expertise to address even the fears or perceived hazards and the impact of such fears on the value of the landowner's remaining lands in this case. He acknowledged that he had done no research and had no education or training in such matters, had never been involved with real estate affected by a gas pipeline, and had done no analysis of the pipeline's effect on value of adjoining lands in the area. Rather, he formed his opinion (a 20% diminution in value of surrounding lands) based on conversations with developers in the Charlottesville area, a newspaper article about a pipeline explosion, and his "assessment", unsupported by any analysis or study, of the "perceived risk" to a developer "to invest in" the property.

Kipps conceded that her only evidence of damage to the residue was that excluded by the trial court relating to fear of a gas pipeline explosion. Consequently, the court sustained VNG's motion to strike Kipps' evidence of damage to the residue.* Kipps appeals.

■ The record contains only the trial court's summary of the proffer of evidence. As the trial court observed, the witness had not researched the subject, had performed no analysis of the pipeline's effect on the residue's value, and had no education or training in the subject. Moreover, his personal assessment of the matter was unsupported by any study or analysis by him, and his opinion was based

---

* The parties agreed that the value of the easement taken was $4,500.

only upon conversations he had had with developers in the Charlottesville area and a newspaper article about a pipeline explosion.

An opinion on value is inadmissible when there is no evidence to support the opinion. *See, e.g., Town of Rocky Mount* v. *Hudson,* 244 Va. 271, 274, 421 S.E.2d 407, 409 (1992) (landowner's testimony that taking "ha[d] hurt [him] $20,000, at least" was insufficient to support damage award); *East Tennessee Natural Gas Co.* v. *Riner,* 239 Va. 94, 100, 387 S.E.2d 476, 479 (1990) (evidence of value of property as prospective strip-mining site was speculative and conjectural and inadmissible). In the present case, based upon the summary of the proffer of evidence, we cannot say that the trial court abused its discretion in concluding that the witness did not have the necessary expertise to render an opinion on diminution in the value of the residue of the property.

Accordingly, we will affirm the trial court's judgment.

*Affirmed.*