Present:  All the Justices

THE COUNTRYSIDE CORPORATION

OPINION BY
v.  Record No. 010729          JUSTICE LAWRENCE L. KOONTZ, JR.
                                        April 19, 2002
DAVID H. TAYLOR, ET AL.


FROM THE CIRCUIT COURT OF HENRICO COUNTY
George F. Tidey, Judge

In this appeal, we consider whether the trial court erred in failing to strike the plaintiff's evidence of damages for breach of contract on the ground that the expert opinion as to the quantum of damages was based on an erroneous factual foundation.

BACKGROUND

The Countryside Corporation (Countryside) owns a residential property development in Henrico County.  David H. Taylor and Carol E. Taylor (the Taylors) own property abutting Countryside's development.  The Taylors plan to subdivide their property for residential development at some time in the future.

In 1974, the Taylors objected to the anticipated extension and placement of a road by Countryside, asserting that the road would encroach upon their land.  In 1977, the Taylors and Countryside resolved this dispute by entering into an agreement (the 1977 agreement).  Relevant to this appeal, the 1977 agreement provided that if Countryside ever extended the road, it would be located in such a manner as to provide road access along the eastern boundary of the Taylors' property.

1

In the mid-1990s, when Countryside extended the road to access new developments close to the Taylors' property, the road did not fully abut the Taylors' property as required by the 1977 agreement. The placement of the road left a 0.6616 acre wedge-shaped strip of land between the road and the southeast portion of the Taylors' property. Prior to developing the lots accessed by the extension of the road, Countryside filed a subdivision plat with the Henrico County Planning Commission that failed to show the strip of land separating the road from the Taylors' property. Countryside later maintained that this was so because it had intended to convey the strip of land to the Taylors.

On May 16, 1997, the Taylors filed a motion for judgment against Countryside to recover damages for breach of the 1977 agreement. On June 23, 1997, a deed conveying the strip of land from Countryside to the Taylors was recorded in the land records of Henrico County. However, Countryside had placed a guardrail, a concrete headwall, and a concrete drainage channel along the road. Additionally, the strip of land was encumbered with a "0.2676 acre variable width drainage easement granted to the County of Henrico, Virginia" by Countryside. The Taylors did not pursue their claim against Countryside at that time as a result of this conveyance, even though the strip of land was encumbered with the drainage easement.

On August 6, 1999, the Taylors again filed a motion for judgment, and subsequently an amended motion for judgment,

2

against Countryside alleging, among other things, breach of the 1977 agreement.[1] The thrust of the Taylors' claim was that the placement of the road by Countryside significantly reduced the fair market value and marketability of their property if and when they subdivided it into residential lots.

At trial, the Taylors called Jay B. Call, III, a licensed real estate appraiser, as an expert witness to offer his opinion on the quantum of damages sustained by the Taylors as a result of Countryside's breach of the 1977 agreement. Call's testimony was based on two development plans, Plan B and Plan E, prepared for the Taylors by Garrett S. Runey, II, a licensed engineer and land surveyor. Plan B was premised upon the placement of the road in accordance with the 1977 agreement. Plan E was premised upon the actual placement of the road by Countryside, but did not take into account the 1997 conveyance to the Taylors of the strip of land separating the road from their property. Each plan, or development scenario, was intended to demonstrate the highest lot yield of the Taylors' property and the lowest development cost. Plan B indicated 14 lots for development, and Plan E indicated 10 such lots.

Call testified that he performed a "project value analysis" to determine the loss in gross revenue sustained by the Taylors as a result of the difference in the associated costs and the

---

[1] Two other defendants named in the motion for judgment were dismissed from the action by the trial court.

3

number of lots that could be achieved under Plan B and Plan E. He further testified that he was instructed to use May 16, 1997 as the effective date of his evaluations, the date on which he understood that the Taylors filed their original motion for judgment against Countryside. Call also testified that his analysis did not include consideration of the strip of land conveyed to the Taylors by Countryside on June 23, 1997, nor consideration of any increased market value of the Taylors' property since 1997. Call expressed the opinion that the Taylors' damages were $309,060, representing the difference in the gross revenue projected under Plan B and Plan E.

Countryside did not object to Call's testimony regarding damages on direct examination. However, Countryside moved to strike Call's testimony at its conclusion, asserting that it was speculative and based upon the erroneous factual foundation that the Taylors did not own the strip of land separating their property from the road.[2] The trial court denied the motion to strike Call's testimony. Countryside renewed its motion

---

[2] While Countryside did not specifically state that their objection to Call's testimony was for a "lack of foundation," we nevertheless find that they preserved their objection through their first motion to strike Call's testimony in which counsel for Countryside stated, "[O]n the issue of damages, that the report of Mr. Call is speculative in any event because it's based upon a fiction. It's based on a fiction of two development scenarios done in such a way as to ignore the strip of land in question, [and] to ignore any benefit that the Taylors would have as a result of taking that strip of property."

4

following the close of all of the evidence.  The trial court again denied this motion.

The trial court then found that the evidence established breach of contract by Countryside as a matter of law and, thus, the jury was instructed only on the issue of damages.  The jury awarded the Taylors $200,000 in compensatory damages for the breach.[3]  Countryside filed a motion, pursuant to Code § 8.01-430, to set aside the jury's verdict.  Countryside asserted that the damage award was without credible evidence to support it, and that Call's expert testimony was speculative as a matter of law because it was based upon an erroneous factual foundation.  The trial court overruled this motion and entered judgment for the Taylors in a final order dated January 8, 2001.  By order dated August 2, 2001, we awarded Countryside this appeal.

### DISCUSSION

Expert testimony is admissible in civil cases to assist the trier of fact, if the testimony meets certain fundamental requirements, including the requirement that it be based on an adequate factual foundation.  See Code §§ 8.01-401.1 and -401.3; Lawson v. Doe, 239 Va. 477, 482-83, 391 S.E.2d 333, 336 (1990); Clark v. Chapman, 238 Va. 655, 664-65, 385 S.E.2d 885, 891 (1989).  Expert testimony is inadmissible if it is speculative or

---

[3] The jury also returned a verdict in favor of the Taylors on a fraud count included in the Taylors' motion for judgment. However, the jury fixed their compensatory and punitive damages at "zero."

5

founded on assumptions that have no basis in fact. See Gilbert v. Summers, 240 Va. 155, 159-60, 393 S.E.2d 213, 215 (1990); Cassady v. Martin, 220 Va. 1093, 1100, 266 S.E.2d 104, 108 (1980). Additionally, expert testimony is inadmissible if the expert fails to consider all the variables that bear upon the inferences to be deduced from the facts observed. Griffin v. The Spacemaker Group, Inc., 254 Va. 141, 146, 486 S.E.2d 541, 544 (1997) (citing Tittsworth v. Robinson, 252 Va. 151, 154, 475 S.E.2d 261, 263 (1996)).

In the present case, Call conceded that he had used May 16, 1997 as the effective date of his opinion on the Taylors' damages and had not considered the fact that the Taylors had acquired the strip of land shortly thereafter. Thus, when Call made his evaluations in 1999, he essentially assumed a fiction and based his opinion of damages on that fiction. That the Taylors had acquired the strip of land was a critical fact in the damages determination because that parcel provided access to the road in question from the Taylors' property. Moreover, an expert opinion based upon an assumption that the Taylors did not own that strip of land and, thus, did not have access to the road in question is one clearly founded on an assumption that has no basis in fact. Accordingly, we hold that Call's expert testimony was speculative and unreliable as a matter of law.

While Code §§ 8.01-401.1 and -401.3 have liberalized the admission of expert testimony, Call's testimony on damages fails

to meet the fundamental requirements set out in the cases noted above.  Tittsworth, 252 Va. at 155, 475 S.E.2d at 263.  Without Call's testimony, the Taylors have not shown damages from Countryside's breach of contract.

CONCLUSION

For these reasons, we will reverse the judgment in favor of the Taylors and enter final judgment for Countryside.

Reversed and final judgment.