# CIRCUIT COURT OF HANOVER COUNTY

Stuart P. Webel
and Amy E. Webel

v.

Virginia Electric
and Power Co.

Case No. CL11-1090

By Judge J. Overton Harris

August 29, 2011

Before the Court is Respondent's Demurrer to Petitioner's Petition for Declaratory Judgment. The Court heard argument on August 25, 2011, and took the matter under advisement. Following thorough review of the pleadings, the memoranda and briefs filed by counsel and the law, the Court finds as follows.

## I. *Standard of Review*

A demurrer may be employed to strike a pleading that does not state a cause of action or fails to state facts upon which relief may be granted. Va. Code § 8.01-273. A demurrer admits the factual pleadings to be true and accepts any reasonable factual inferences fairly and justly drawn from them. *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988). "A court may examine not only the substantive allegations of the pleading attached, but also any accompanying exhibit mentioned in the pleading." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 278 (1993). The demurrer does not, however, admit the correctness of the pleading's conclusions of law. *Fox*, 236 Va. 69.

## II. *Analysis*

Petitioner has a property interest in the form of a non-exclusive easement for ingress and egress in the land that is at issue in this case. Virginia Electric and Power Company (hereinafter "VEPCO") possesses a 120-foot right of

way across a portion of the Easement's servient tenements. VEPCO entered onto the Easement's servient tenement on January 19, 2011, to perform construction work for public use.

Petitioner filed a Petition for Declaratory Judgment on June 9, 2011. Respondent filed a demurrer to the petition on July 1, 2011. Both parties filed briefs with the Court supporting their positions regarding the demurrer. The Court heard arguments on August 25, 2011. Respondent argued that Petitioner has failed to state a claim because the petition does not allege sufficient facts to support the legal conclusions asserted. Specifically Petitioner failed to allege that VEPCO made entry onto petitioner's easement and caused damage to Petitioner's property interest. Petitioner argued that entry onto the land for any purpose is a sufficient fact to constitute a taking of petitioner's property interest. Further, Petitioner presented a demonstrative exhibit of a picture portraying a crane and truck owned by VEPCO blocking the petitioner's easement.

To survive a demurrer, Petitioner is required to plead "sufficient facts to constitute a foundation in law for the judgment sought, and not merely conclusions of law." *Hubbard v. Dresser, Inc.*, 271 Va. 117, 122 (2006). An inverse condemnation action is "an action seeking redress for the government's action in limiting property rights the landowner holds." *Kitchen v. City of Newport News*, 275 Va. 378, 386 (2008). Further, a taking for the purposes of inverse condemnation is a governmental action that adversely affects the landowner's ability to exercise his property rights. *Id.*

Petitioner alleges that he has a property interest in the land at issue in the form of a non-exclusive easement for ingress and egress. Petitioner's rights in that land involve using the land to travel between the residence and the state road. Petitioner did not allege in the pleadings that VEPCO has interfered with Petitioner's right to exercise his property rights. Petitioner did not allege in the pleadings that he was unable to use the easement for ingress and egress at anytime. Although Petitioner provided a demonstrative exhibit showing VEPCO's vehicles blocking the easement, Petitioner failed to allege such facts in his Petition. Therefore, Petitioner failed to allege sufficient facts to support the legal conclusion that VEPCO's actions constituted a taking.

For the reasons articulated in this letter opinion, the Respondent's Demurrer is sustained. Petitioner is granted twenty-one days leave to amend the Petition.

December 12, 2011

Before the Court is Respondent's Demurrer to Petitioner's Petition for Declaratory Judgment and Respondent's Motion to Strike. The Court heard argument on December 7, 2011, and took the matter under advisement.

Following thorough review of the pleadings, the memoranda and briefs filed by counsel, and the law, the Court finds as follows.

## I. *Standard of Review*

A demurrer may be employed to strike a pleading that does not state a cause of action or fails to state facts upon which relief may be granted. Va. Code § 8.01-273. A demurrer admits the factual pleadings to be true and accepts any reasonable factual inferences fairly and justly drawn from them. *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988). "A court may examine not only the substantive allegations of the pleading attached, but also any accompanying exhibit mentioned in the pleading." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 278 (1993). The demurrer does not, however, admit the correctness of the pleading's conclusions of law. *Fox*, 236 Va. 69.

## II. *Analysis*

Petitioner has a property interest in the form of a non-exclusive easement for ingress and egress in the land that is at issue in this case. Virginia Energy and Power Company (hereinafter "VEPCO") possesses a 120-foot right of way across a portion of the Easement's servient tenements. VEPCO entered onto the Easement's servient tenement on January 19, 2011, to perform construction work for public use.

Petitioner filed a Petition for Declaratory Judgment on June 9, 2011. Respondent filed a demurrer to the petition on July 1, 2011. The Court sustained Respondent's demurrer and granted Petitioner leave to amend the Petition. On September 15, 2011, Petitioner filed an amended petition. Respondent subsequently filed a demurrer to the amended petition, and argument was heard. Respondent argued that Petitioner has failed to state a claim because the petition does not allege sufficient facts to support the legal conclusions asserted. Specifically, Petitioner failed to allege that VEPCO made entry onto petitioner's easement and caused damage to Petitioner's property interest. Respondent focused on the fact that Petitioner's interest in the land is only for ingress and egress and does not include a right to exclude. Petitioner argued that, as was pleaded in the amended petition, Respondent blocked the easement and precluded Petitioner from using the easement for ingress and egress.

To survive a demurrer, Petitioner is required to plead "sufficient facts to constitute a foundation in law for the judgment sought, and not merely conclusions of law." *Hubbard v. Dresser, Inc.*, 271 Va. 117, 122 (2006). Petitioners have pleaded an inverse condemnation cause of action through a petition for declaratory judgment. An inverse condemnation action is "an action seeking redress for the government's action in limiting property

rights the landowner holds." *Kitchen v. City of Newport News*, 275 Va. 378, 386 (2008). Further, a taking for the purposes of inverse condemnation is a governmental action that adversely affects the landowner's ability to exercise his property rights. *Id.*

Petitioner alleges that he has a property interest in the land at issue in the form of a non-exclusive easement for ingress and egress. Petitioner's rights in that land involve using the land to travel between the residence and the state road. Petitioner has alleged in the petition that VEPCO has interfered with Petitioner's right to exercise his property rights by blocking the easement. Petitioner has alleged in the pleadings that he was unable to use the easement for ingress and egress due to Respondent's vehicles blocking the easement. Respondent's argument that Petitioner's lack of right to exclude precludes Petitioner from this cause of action fails. Inverse condemnation, as stated above, is a governmental action that adversely affects the landowner's ability to exercise his property rights. Petitioner has pleaded sufficient facts to support that the Respondent's action adversely affected Petitioner from using the easement for ingress and egress. Therefore, Petitioner has sufficiently pleaded a cause of action of inverse condemnation.

Respondent also filed a Motion to Strike Paragraph 17 of the Amended Petition arguing that the Court allowed Petitioner leave to amend the complaint only consistent with the letter opinion issued on August 29, 2011. After review of the letter opinion, the Court granted Petitioner leave to amend and did not limit the Petitioner in any way.

For the reasons articulated in this letter opinion, Respondent's Demurrer is overruled, and Respondent's Motion to Strike is denied.