**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1922**

GREAT AMERICAN INSURANCE COMPANY,

                  Plaintiff - Appellee,

          v.

ROSE MARIE BOGLEY, d/b/a Peace & Plenty,

                  Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:10-cv-01161-CMH-IDD)

Argued: May 17, 2012                    Decided: June 28, 2012

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON,[*] Senior Circuit Judge.

Affirmed by unpublished opinion. Judge Niemeyer wrote the opinion, in which Judge Gregory joined.

**ARGUED:** Michael McGettigan, Middleburg, Virginia, for Appellant. Matthew David Green, MORRIS & MORRIS, Richmond, Virginia, for Appellee. **ON BRIEF:** Sandra S. Gregor, MORRIS & MORRIS, Richmond, Virginia, for Appellee.

---

     [*] Because Senior Judge Hamilton did not participate in oral argument due to illness, this decision is filed by a quorum of the panel, pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit.

NIEMEYER, Circuit Judge:

Rose Marie Bogley owns a farm near Upperville, Virginia, on which stands an old barn with walls made of rubblestone and a roof made of wood, called the "Tee Stable" because its footprint resembles the letter "T." On March 13, 2010, Bogley discovered that a portion of the Tee Stable's walls had collapsed.

When Bogley submitted a claim for repair of the collapsed wall to Great American Insurance Company, which had issued a property insurance policy to Bogley, the company denied coverage. It asserted that the wall's collapse was not caused by any of the policy's covered causes of loss and that Bogley's additional coverage for collapse was inapplicable.

This litigation ensued to resolve the coverage question. Great American filed a complaint seeking a declaratory judgment that the policy did not cover the wall's collapse, and Bogley filed a counterclaim seeking coverage for her loss.

Prior to denying coverage, Great American retained Kiet Nguyen, a civil engineer, to determine the cause of the wall's collapse, and, after visiting the site on March 22, 2010, Nguyen issued a report concluding that the wall collapsed because "excessive ground water resulting from melted snow from the ground and roof imposed against the wall." He determined that "the lack of reinforcement and inadequate under-drainage behind

the wall[] allowed water to be retained behind the wall and impose against the unstable wall."

Bogley retained her own civil engineer, Timothy Painter, to conduct an investigation of the collapse. Drawing on data gathered by nearby weather stations, Painter gave his opinion that the wall had collapsed as a result of heavy snows in January and February 2010. According to Painter, "the combination of the weight from the heavy snowfall and the subsequent, sudden melting due to higher temperatures imposed a surcharge pressure on the foundation of th[e] structure." "This combination of loads over-stressed the wall and compromised the integrity of th[e] structural system," leading to the collapse.

On Great American's motion for summary judgment, the district court granted judgment to Great American, dated July 27, 2011. From this judgment Bogley now appeals.

Bogley contends that the Tee Stable's wall collapse is covered by two separate provisions of her insurance policy. She first identifies Section B, "Farm Property -- Causes of Loss Form -- Broad," which provides for coverage of losses related to the weight of ice, snow, or sleet. Specifically, Section B(2)(v) indicates that covered causes of loss include:

> Weight of ice, snow, or sleet causing damage to a building or any property inside of the building.

4

The second provision identified by Bogley is Section D, "Additional Coverages." Section D lists six additional coverages, the fifth of which is entitled "Additional Coverage -- Collapse." It provides:

5. Additional Coverage -- Collapse

> The following Additional Coverage applies only when Broad or Special Covered Causes of Loss is specified in the Declarations:

> *   *   *

> b. We will pay for direct physical loss or damage to Covered Property, caused by collapse of a building or any part of a building that is covered under a Farm Property Coverage Form, or that contains property covered under a Farm Property Coverage Form, if collapse is caused by one or more of the following:

>> (1) The "specified causes of loss" or breakage of building glass, all only as insured against in this Coverage Form;

In turn, the phrase "specified causes of loss" is defined in Section H of the policy to include "weight of snow, ice or sleet."

We conclude that coverage is not provided by either section because Bogley has offered insufficient evidence to suggest that the "weight of snow or ice" caused the Tee Stable's collapse. Bogley's expert, Painter, identified two factors as joint causes of the collapse: "The weight from the heavy snowfall" and groundwater pressure from excess snow melt (which is the same cause given by Great American's expert Nguyen). But Painter's

5

conclusion that the snow remained on the ground as of March 13, 2010, was based on his layman's understanding of snow melt patterns. When questioned, he was unable to state how much snow, if any, was on the ground at the time that the wall collapsed, or even to say how much snow had accumulated at its peak. In contrast, Great American retained an expert meteorologist who testified that all of the snow in the area and on Bogley's property had melted by March 7 or earlier, well before the wall's collapse.

Although we are required to draw all <u>reasonable</u> inferences in favor of Bogley, we need not accept every opinion proffered by her expert, especially when that opinion has no factual basis or is "based upon an erroneous factual foundation." <u>Countryside Corp. v. Taylor</u>, 561 S.E.2d 680, 682 (Va. 2002) (where plaintiff's expert "essentially assumed a fiction and based his opinion of damages on that fiction" his testimony was "speculative and unreliable as a matter of law").

Because it is essentially undisputed in the record that there was no snow on the ground at the time of the wall's collapse, the weight of snow or ice on the ground could at best be only one, among a number, of the wall's historical events occurring before the collapse. <u>See</u> <u>Fitzgerald v. Manning</u>, 679 F.2d 341, 348 (4th Cir. 1982) ("A mere possibility of . . . causation is not enough; and when the matter remains one of pure

6

speculation or conjecture, or the possibilities are at best evenly balanced, it becomes the duty of the court" to grant a judgment on the issue).  The record evidence about the cause of collapse on March 13, 2010, is limited to ground water pressure, not the weight of any snow and ice, which had by then melted.

Accordingly, we affirm the district court's conclusion that the Great American policy did not provide coverage for the loss and was therefore entitled to summary judgment.

AFFIRMED