## CIRCUIT COURT OF HANOVER COUNTY

Stuart P. Webel
and Amy E. Webel

v.

Virginia Electric
and Power Co.

December 5, 2014

Case No. CL11-1090

By Judge J. Overton Harris

Before the Court are Respondent's Motions To Exclude the Expert Testimony of R. Glen Gooding and Dennis W. Gruelle. The Court heard argument and took the matter under advisement. Following a thorough review of the briefs and the law, the Court finds as follows.

### I. *Background*

Petitioners have designated two expert witnesses in this action, R. Glen Gooding and Dennis W. Gruelle. Mr. Gooding is expected to testify in his capacity as a real estate broker. Mr. Gruelle is expected to testify in his capacity as a real estate appraiser. Respondent has moved to exclude Mr. Gooding's testimony on several grounds, including (1) Mr. Gooding is not a licensed appraiser, (2) Mr. Gooding's expert opinion is unsupported by any facts or studies, and (3) Mr. Gooding's designation does not comply with the disclosure requirements of the Rules of the Supreme Court of Virginia. Respondent also moved to exclude Mr. Gruelle's testimony on the following grounds: (1) Mr. Gruelle failed to comply with the Uniform Standards of Professional Appraisal Practice, (2) Mr. Gruelle's opinion lacks foundation and does not adhere to any recognized methodology, (3) Mr. Gruelle relies on assumptions with no basis in fact, and (4) Mr. Gruelle's designation does not comply with the disclosure requirements of the Rules of the Supreme Court of Virginia.

## II. *Rule of Law*

In a civil proceeding, if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise. Va. Code § 8.01-401.3. Expert testimony may include opinions of the witness established with a reasonable degree of probability, or it may address empirical data from which such probability may be established in the mind of the finder of fact. Va. Sup. Ct. R. 2:702(b). In a civil action, an expert witness may give testimony and render an opinion or draw inferences from facts, circumstances, or data made known to or perceived by such witness at or before the hearing or trial during which the witness is called upon to testify. Va. Sup. Ct. R. 2:703(a).

Before expert testimony may be admitted in a civil case to assist the fact finder, that testimony must meet certain requirements, including the requirement of an adequate factual foundation. *Forbes v. Rapp*, 269 Va. 374, 381 (2005) (citing *Countryside Corp. v. Taylor*, 263 Va. 549, 553 (2002); *John v. Im*, 263 Va. 315, 319-20 (2002)). Expert testimony is inadmissible if it is speculative or based on assumptions that have an insufficient factual basis. *Forbes*, 269 Va. at 381. Expert testimony is also inadmissible when an expert has not considered all variables bearing on the inferences to be drawn from the facts presented. *Id.*

## III. *Analysis*

### A. *Testimony of R. Glen Gooding*

Mr. Gooding's testimony as an expert must be excluded for having an inadequate factual basis. Mr. Gooding, a real estate broker, is expected to testify as to the impact of the high-voltage transmission lines on the marketability and ability to develop the property.

The Supreme Court ruled on a similar issue in *Kipps v. Virginia Natural Gas*, 247 Va. 162 (1994). *Kipps* was a condemnation case for an easement for a natural gas pipeline. The appeal concerned the trial court's ruling that the landowner's expert was not qualified to testify. That expert was to testify that the value of the remaining land had been diminished by apprehension by potential purchasers of a pipeline explosion. In its opinion, the Supreme Court noted that the proposed expert witness "had not researched the subject, had performed no analysis of the pipeline's effect on the remaining land's value, and had no education or training in the subject." *Kipps*, 247 Va. at 163. The opinion further noted that the witness's "personal assessment of the matter was unsupported by any study or analysis by him, and his opinion was based only upon conversations he had had with developers in the Charlottesville area and a newspaper article about a pipeline explosion."

*Id.* at 163-64. For those reasons, the Supreme Court held the trial court did not err when it excluded that witness's testimony.

Similar facts are before the Court in this case. Mr. Gooding is not a licensed real estate appraiser and has no training as to the effects, risks, or concerns associated with electricity or electric power lines. In his deposition testimony, Mr. Gooding admitted that his opinion is not based on any market studies or sales of comparable properties. Mr. Gooding admitted that he did not conduct any studies related to this litigation. When questioned by counsel, Mr. Gooding was unable to recall any studies or documentation that supported his opinion regarding marketability. While his opinion is based on his experience as a real estate broker, that opinion lacks a sufficient factual basis to qualify as expert testimony and must be excluded.

### B. *Testimony of Dennis W. Gruelle*

The same rules of law governing expert testimony also exclude the testimony of Mr. Gruelle. Mr. Gruelle is a real estate appraiser and is expected to testify that the Respondent's use, maintenance, and repair of the high-voltage power lines have affected Petitioners' ability to use and enjoy their own land and have caused that land to diminish in value.

Similar to Mr. Gooding, Mr. Gruelle stated in his deposition that he has no expertise, training, or licensing in the field of electricity or electric power lines. During his deposition, Mr. Gruelle admitted that he did not perform an appraisal or conduct any market studies for this case. In forming his opinion, Mr. Gruelle did rely on discussions he had while interviewing real estate developers and brokers, including Mr. Gooding. However, Mr. Gruelle admitted during his deposition that none of those individuals he interviewed produced any written studies or documentation to support their conclusions. *See Kipps*, 247 Va. at 163-64. ("Moreover, his personal assessment of the matter was *unsupported by any study or analysis by him*, and his opinion was *based only upon conversations he had had with developers in the Charlottesville area* and a newspaper article about a pipeline explosion." (emphasis added)). Therefore, Mr. Gruelle's testimony must be excluded from trial, as his opinion is not supported by a sufficient factual basis as required for expert testimony.

### IV. *Conclusion*

For the reasons articulated in this letter opinion, the Court grants Respondent's Motions To Exclude the Expert Testimony of R. Glen Gooding and Dennis W. Gruelle.

REPORTER'S NOTE: Earlier proceedings in this case are reported at 83 Va. Cir. 302 (2011).