COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Decker and O'Brien
Argued at Norfolk, Virginia

RAYNARD REGINALD BROWN

v.      Record No. 0464-17-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE MARY GRACE O'BRIEN
MARCH 6, 2018

FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Johnny E. Morrison, Judge

W. McMillan Powers, Assistant Public Defender, for appellant.

Donald E. Jeffrey, III, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Raynard Reginald Brown ("appellant") was tried by a jury for murder, in violation of Code

§ 18.2-32, and use of a firearm in the commission of a felony, in violation of Code § 18.2-53.1.

Appellant asserted an insanity defense. The jury convicted him of the lesser-included offense of

voluntary manslaughter and acquitted him of the firearm charge. Appellant contends that the court

erred by allowing the Commonwealth's expert to testify in rebuttal to his insanity defense and by

denying appellant's motions to strike the Commonwealth's case and to set aside the verdict. We

disagree and affirm appellant's conviction.

BACKGROUND

On June 6, 2015, appellant shot and killed Jamal Spratley following a confrontation at a

party. At trial, appellant presented testimony from Dr. Earl Williams, a court-appointed forensic

clinical psychologist. Dr. Williams testified that appellant was suffering from schizoaffective

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

disorder at the time of the shooting. Dr. Williams defined schizoaffective disorder as a "combination of schizophrenia and bipolar [disorder]," and opined that when appellant shot the victim, appellant was "incapable of understanding the nature and consequences of [his] acts."

Dr. Weare Zwemer, a licensed clinical psychologist, testified for the Commonwealth in rebuttal. As part of his evaluation of appellant's sanity at the time of the offense, Dr. Zwemer reviewed medical records from Central State Hospital, including the treatment notes of two doctors involved in evaluating and restoring appellant's competency to stand trial.

When Dr. Zwemer began to testify about the medical records from Central State Hospital, appellant's attorney requested a sidebar conference. The conference was not recorded; the attorneys conferred with the court off the record. Following the sidebar conference, Dr. Zwemer testified about tests the Central State Hospital doctors administered to appellant and the doctors' conclusion that appellant was malingering. Dr. Zwemer also testified about tests he personally performed on appellant, and referred to his interviews with appellant, appellant's girlfriend, and appellant's mother.

Dr. Zwemer explained that he administered the Miller's Forensic Assessment of Symptoms Test to appellant. The test objectively measures whether someone is feigning symptoms not commonly associated with a particular diagnosis. During the test, appellant "enthusiastically endorsed a symptom that had never been recognized as a coincident of psychotic compromise." Appellant claimed to have amnesia about the shooting, a symptom Dr. Zwemer found "relatively infrequent" in his examination of more than 10,000 individuals and "not strongly associated at all with schizophrenia or bipolar disorder." Dr. Zwemer testified that he disagreed with Dr. Williams's conclusion that appellant could not distinguish between right and wrong at the time of the offense, but he could not opine about appellant's mental state because appellant claimed to have amnesia

about the shooting. Dr. Zwemer opined that "at the least, [appellant] was amplifying the impact of his mental illness."

At the conclusion of the evidence, appellant moved to strike the Commonwealth's case because the Commonwealth did not sufficiently rebut appellant's evidence that he was insane at the time of the offense. In his argument, appellant referred to his objection "based upon hearsay and confrontation, in that [appellant] would not have the right to question [the Central State Hospital] doctors regarding their reports." The court acknowledged appellant's objection but denied his motion to strike. After the jury found appellant guilty, the court also denied his motion to set aside the verdict.

## DISCUSSION

Appellant raises four assignments of error, which can be summarized into two issues: 1) whether Dr. Zwemer's expert opinion was impermissibly based upon hearsay, and 2) whether the court erred in rejecting appellant's argument that the Commonwealth failed to sufficiently rebut evidence of appellant's insanity. We will review appellant's arguments in the order in which the court considered the issues below.

## 1. Dr. Zwemer's Testimony

Appellant contends that the court erroneously allowed Dr. Zwemer to testify about appellant's mental state because Dr. Zwemer's opinions were based on hearsay and violated the Confrontation Clause of the Sixth Amendment to the United States Constitution. We find that because appellant failed to comply with the specificity requirement of Rule 5A:18, we are precluded from reviewing the merits of his argument.

Appellant requested a sidebar conference when Dr. Zwemer began testifying about the conclusions of the doctors who evaluated appellant at Central State Hospital. The sidebar conference was unrecorded; however, during appellant's motion to strike, appellant reiterated that

- 3 -

his objection to the testimony about the records was based on hearsay and confrontation grounds. After the sidebar conference, Dr. Zwemer testified regarding the tests that the Central State Hospital doctors administered to appellant and the subsequent conclusions the doctors reached about appellant malingering. Dr. Zwemer continued testifying without further objection about tests he administered to appellant, interviews he conducted with appellant and his mother, and a conversation that Dr. Zwemer had with appellant's girlfriend. Further, Dr. Zwemer's testimony concerning his conclusion that "at the least" appellant was "amplifying the impact of his mental illness" was admitted without objection.[1]

Rule 5A:18 requires appellant to make the same argument on appeal as the one that he presented at trial. "A party will not be allowed to specify one or more grounds of objection to evidence offered in the trial court and rely upon other grounds in the appellate court." Branch v. Commonwealth, 225 Va. 91, 96, 300 S.E.2d 758, 760 (1983) (quoting Jackson v. C. & O. Ry. Co., 179 Va. 642, 650, 20 S.E.2d 489, 492 (1942)). "If the opinion of an expert witness lacks an adequate foundation, the appropriate action at trial is to move to strike the testimony of the expert witness." Jeter v. Commonwealth, 44 Va. App. 733, 740 n.3, 607 S.E.2d 734, 737 n.3 (2005). See also Countryside Corp. v. Taylor, 263 Va. 549, 552 n.2, 561 S.E.2d 680, 681 n.2 (2002) (lack-of-foundation objection to expert's testimony was preserved by appellant's motion to strike the testimony). Appellant's objection was not to the foundation for Dr. Zwemer's expert opinion,

---

[1] Even assuming that the records from Central State Hospital constituted impermissible hearsay evidence, Dr. Zwemer's conclusion was not based solely on those records. His independent evaluation of appellant, the tests he administered, and the interviews he conducted led to his own opinion that appellant was malingering. See United States v. Johnson, 587 F.3d 625, 635 (4th Cir. 2009) (finding no Confrontation Clause violation "[a]s long as [the expert] is applying his training and experience to the sources before him and reaching an independent judgment"). Dr. Zwemer had a "sufficient factual basis for the admission" of his opinion without consideration of the Central State Hospital records. See Simpson v. Commonwealth, 227 Va. 557, 566, 318 S.E.2d 386, 391-92 (1984) (expert permitted to testify as to cause of victim's death when, in addition to considering medical records not in evidence, expert conducted victim's autopsy and also relied on his medical experience and training).

but merely to the admissibility of his testimony about the records from Central State Hospital. Further, appellant never moved to strike Dr. Zwemer's expert opinion.

"[T]he burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of. If the appellant fails to do this, the judgment will be affirmed." Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) (quoting Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961)). An unrecorded sidebar conference regarding an objection presents inherent difficulties in determining the grounds of the objection and the basis for the ruling. Because the sidebar conference was not on the record, we can only glean its substance from the subsequent comments made by the court and counsel during the motion to strike the Commonwealth's case. None of those comments indicate that appellant was objecting to Dr. Zwemer's expert opinion due to a lack of foundation.

Accordingly, because appellant did not specifically move to strike Dr. Zwemer's expert opinion as inadmissible, we find appellant did not preserve his argument pursuant to Rule 5A:18.

### 2. Failure to Rebut Insanity Defense

Appellant contends that the court erred in denying his motion to set aside the verdict because Dr. Zwemer's testimony was insufficient to rebut Dr. Williams's conclusion that he was insane at the time of the offense. Accordingly, appellant argues, the jury was required to find appellant not guilty by reason of insanity.[2]

When reviewing a court's decision to deny a motion to set aside a jury verdict, we will not reverse the court's judgment "unless it appears from the evidence that such judgment is plainly wrong or without evidence to support it." Code § 8.01-680. We have stated that "the trial judge

---

[2] Appellant also asserts that the court erred in denying his motion to strike the Commonwealth's evidence. However, he fails to cite any relevant authority in support of this argument. "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). See also Rule 5A:20(e).

cannot substitute his conclusion for that of the jury merely because he would have voted for a different verdict if he had been on the jury." Wagoner v. Commonwealth, 63 Va. App. 229, 246, 756 S.E.2d 165, 174 (2014) (quoting Doherty v. Aleck, 273 Va. 421, 424, 641 S.E.2d 93, 94 (2007)), aff'd on other grounds, 289 Va. 476, 770 S.E.2d 479 (2015).

The Commonwealth was not required to present affirmative evidence that appellant understood the nature and consequences of his actions. "Every man is presumed to be sane and to possess a sufficient degree of reason to be responsible for his crimes until the contrary is proved to the satisfaction of the [trier of fact]." Vann v. Commonwealth, 35 Va. App. 304, 312, 544 S.E.2d 879, 882 (2001) (quoting Jones v. Commonwealth, 202 Va. 236, 239-40, 117 S.E.2d 67, 70 (1960)). A defendant bears the burden of proving that he was insane at the time of the offense. Morgan v. Commonwealth, 50 Va. App. 120, 133-34, 646 S.E.2d 899, 905-06 (2007). The issue of a defendant's sanity is "a question for the jury to decide after consideration of all the evidence adduced and under the court's instructions." Christian v. Commonwealth, 202 Va. 311, 317, 117 S.E.2d 72, 76 (1960).

Appellant argues that the court erred by failing to set aside the jury's verdict because the expert testimony of his insanity at the time of the offense was uncontradicted. However, Dr. Zwemer testified based on the tests he administered that appellant was fabricating at least part of his mental illness, and he disagreed with Dr. Williams's conclusion that at the time of the shooting, appellant could not distinguish between right and wrong.

Additionally, a jury is entitled to accept or reject *any* testimony, regardless of whether it is uncontradicted. McLane v. Commonwealth, 202 Va. 197, 205-06, 116 S.E.2d 274, 281 (1960). See also Street v. Street, 25 Va. App. 380, 387-88, 488 S.E.2d 665, 668-69 (1997) (*en banc*). We have held that "jurors [are] not required to accept the testimony of [a witness] as conclusive merely because he qualified as a medical expert." McLane, 202 Va. at 205-06, 116 S.E.2d at 281. An

expert witness' testimony "should be given the same consideration as is given that of any other witness, considering his opportunity for knowledge of the subject and subject matter as to which he testifies, his appearance, conduct, and demeanor on the stand." Id. at 206, 116 S.E.2d at 281.

Here, the jury was properly instructed that it was "not required to accept the opinion of any expert witness as to whether [appellant] was sane or insane." The court told the jury to "give the testimony such consideration as you feel it is entitled along with the other evidence in the case." Even without Dr. Zwemer's testimony, the jury was free to disregard Dr. Williams's conclusion regarding appellant's sanity. Therefore, we find that the court did not err in denying appellant's motion to set aside the verdict.

CONCLUSION

For the reasons set forth above, we affirm appellant's conviction for voluntary manslaughter.

Affirmed.